# EXHIBIT A

Pages: 5

E-FILED
06-26-2026, 09:26
Scott G. Weber, Clerk
Clark County

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR THE COUNTY OF CLARK

| | |
|---|---|
| STEPHEN KING,<br>Plaintiffs,<br>v.<br>ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY,<br>Defendant. | Case No. 26-2-02306-06<br><br>COMPLAINT (Breach of Contract, Violation of Consumer Protection Act) |

COMES NOW plaintiff Stephen King ("Plaintiff") and for his Complaint against defendant Allstate Vehicle and Property Insurance Company ("Defendant"), alleges as follows:

**I.**

**PARTIES**

1. Plaintiff is an individual residing in Vancouver, Washington.

2. Defendant is a property insurer. At all material times, Defendant was licensed and authorized to issue insurance policies in the State of Washington, and sold insurance policies in Clark County, Washington, including the insurance policy at issue in this lawsuit.

**II.**

**JURISDICTION AND VENUE**

3. The Court has personal jurisdiction over all parties because Defendant regularly transacts business in Clark County, Washington, including selling Plaintiff the subject insurance policy, and investigating and adjusting the subject insurance claims at issue in this suit.

/////



Elevate Law Group
6000 Meadows Road Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

3
CZC

4. Venue is appropriate in this Court pursuant to RCW 4.12 because the cause(s) of actions alleged herein arose in Clark County, Washington.

## III.

## FACTUAL ALLEGATIONS

5. Plaintiff owns and resides at the residence located at 710 NW 108th Cir., Vancouver WA 98685 (the "Property").

6. Defendant sold Plaintiff a homeowners insurance policy, numbered 817 829 673 (the "Policy").

7. The Policy covered the Property subject to the terms, conditions, limitations, exclusions, and exceptions stated therein.

8. On or about February 26, 2025, while the Policy was in effect, the Property suffered water damage (the "First Loss").

9. The damage to the Property resulting from the First Loss is covered under the Policy. Plaintiff is entitled to coverage for damage to his dwelling and personal property, along with his additional living expenses, resulting from the First Loss.

10. Plaintiff submitted to Defendant a claim under the Policy for the damage to the Property resulting from the First Loss, which was formally designated by Defendant as Claim No. 0785182171 (the "First Claim").

11. Plaintiff and Defendant had a dispute regarding the reasonable and necessary cost to repair the damage to the Property that was the subject of the First Claim. The parties were not able to resolve the dispute.

12. Defendant has failed and refused to pay Plaintiff for all covered damages resulting from the First Loss.

13. On or about June 26, 2025, while the Policy was in effect, the Property suffered a new water damage event (the "Second Loss").

/////



Elevate Law Group
6000 Meadows Road Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

14. The damage to the Property resulting from the Second Loss is covered under the Policy. Plaintiff is entitled to coverage for damage to his dwelling and personal property, along with his additional living expenses, resulting from the Second Loss.

15. Plaintiff submitted to Defendant a claim under the Policy for the damage to the Property resulting from the Second Loss, which was formally designated by Defendant as Claim No. 0797671179 (the "Second Claim").

16. Plaintiff and Defendant had a dispute regarding the reasonable and necessary cost to repair the damage to the Property that was the subject of the Second Claim. The parties were not able to resolve the dispute.

17. Defendant has failed and refused to pay Plaintiff for all covered damages resulting from the First Loss and the Second Loss (collectively, the "Losses").

18. Defendant's acts and omissions in investigating and adjusting the First Claim and the Second Claim (collectively, the "Claims") breached the obligations imposed on it by the Washington Administrative Code ("WAC"), including without limitation the following:

a. WAC 284-30-330(1): Misrepresenting pertinent facts or insurance policy provisions;

b. WAC 284-30-330(4): Refusing to pay claims without conducting a reasonable investigation; and

c. WAC 284-30-330(7): Compelling a first-party claimant to initiate or submit to litigation, arbitration, or appraisal to recover amounts due under an insurance policy by offering substantially less than the amounts ultimately recovered in such actions or proceedings.

/////

/////

/////

/////



Elevate Law Group
6000 Meadows Road Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

## IV.

## FIRST CLAIM FOR RELIEF

**(Breach of Contract)**

19. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

20. Defendant's refusal to timely pay the full amount to repair the damage to Plaintiff's Property was incorrect and constitutes a breach of the Policy.

21. Plaintiff has performed all obligations and conditions precedent to obtaining coverage under the Policy, except those that have been waived or excused.

22. As a direct and proximate result of Defendant's breach of the Policy, Plaintiff has suffered damages in an amount to be proven at the time of trial, but believed to be no less than $13,351.73.

## V.

## SECOND CLAIM FOR RELIEF

**(Violation of the Consumer Protection Act – RCW 19.86)**

23. Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

24. Defendant had an obligation to comply with Washington's Consumer Protection Act ("CPA"), RCW 19.86 *et seq.,* as well as the regulations set forth in WAC 284-30 *et seq.* in its adjustment, handling, and investigation of the Claims.

25. Defendant's acts and omissions described herein, including its violations of the WAC provisions outlined above, constitute unfair or deceptive acts or practices prohibited under the CPA.

26. Defendant's conduct as described herein, including its investigation and adjustment of the Claims, occurred in trade or commerce and impacted the public interest.

27. Plaintiff suffered actual damages to his property, in an amount to be proven at trial, but believed to be no less than $13,351.73, as a result of Defendant's unfair or deceptive acts or practices.



Elevate Law Group
6000 Meadows Road Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com

28. Plaintiff is entitled to recover treble damages as well as his attorney fees and costs under RCW 19.86.090.

## VI.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court:

1. Enter judgment in Plaintiff's favor, and against Defendant, on each of Plaintiff's claims;
2. Award Plaintiff damages in the full amount of his claims for relief, in an amount to be proven at the time of trial;
3. Award Plaintiff enhanced damages pursuant to RCW 19.86.090;
4. Award Plaintiff his costs, disbursements, and attorney fees pursuant to RCW 19.86.090, *Olympic Steamship Co., Inc. v. Centennial Ins. Co.*, 117 Wash.2d 37 (1991), or as otherwise allowable;
5. Award Plaintiff pre-judgment and post-judgment interest on the amount of insurance benefits owed at the maximum legal rate; and
6. Award such other and further relief as the Court deems just and proper.

DATED this 26th day of June, 2026.

ELEVATE LAW GROUP

s/Jeremy G. Tolchin
Jeremy G. Tolchin, WSBA #53380
Of Attorneys Plaintiff



Elevate Law Group
6000 Meadows Road Suite 450
Lake Oswego, Oregon 97035
Phone: 503-417-0500
Fax: 503-417-0501
www.elevatelawpdx.com